UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAI NGUYEN,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., et al.,<br><br>  Defendants. | Case No. 23-cv-03220-PCP (VKD)<br><br>**ORDER RE JANUARY 23, 2025 DISCOVERY DISPUTE RE PLAINTIFF'S REQUEST FOR INSPECTION OF AIRCRAFT**<br><br>Re: Dkt. No. 44 |

Plaintiff Mai Nguyen and defendants United Airlines, Inc. and Mesa Airlines ask the Court to resolve their dispute regarding Ms. Nguyen's request for inspection of the aircraft on which she was a passenger when she was injured. Dkt. No. 44. The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

Ms. Nguyen was injured on a flight from Houston, Texas to San Jose, California on August 18, 2021. On December 2, 2024, more than three years later, Ms. Nguyen served a request for inspection of the same Embraer 175 aircraft used on that flight; defendants objected. Dkt. No. 44 at 7-8, 11-12. Ms. Nguyen argues that her expert requires "accurate measurements of the specific configuration of the subject Embraer 175 aircraft." *Id.* at 2. She also argues that her attorney requires this same information "in order to prepare for an effective cross examination of defendants' liability expert and defendants' employees." *Id.* Ms. Nguyen insists that it is necessary to inspect the specific aircraft on which she was a passenger because the relevant "details and configurations are not the same" for all Embraer 175 aircraft, even those that are "the same make, model and vintage." *Id.* She suggests that defendants' expert was provided access to the specific aircraft and that he based his expert report, in part, on his inspection of the aircraft. *Id.*

Defendants respond that Ms. Nguyen's request comes too late, and that the inspection she seeks would not yield information that her expert could properly use. Specifically, defendants observe that Ms. Nguyen did not seek inspection of the aircraft until several weeks *after* her expert served his report, and in that report the expert did not discuss any of the "configuration" issues for which he now seeks detailed measurements. *Id.* at 3. Defendants maintain that their own expert did not have access to and did not inspect the specific aircraft, but instead relied on photographs of an Embraer 175 obtained from publicly available sources. *Id.* at 4. In addition, defendants contend that it would be unduly burdensome to require defendants to ground the specific aircraft (which apparently is still in commercial use) for purposes of the requested inspection. *Id.* at 4-5. Moreover, defendants suggest that such an inspection might not even yield the information Ms. Nguyen seeks—i.e. the precise configuration of the aircraft at the time of her injury—because, according to defendants, "[t]here is no indication that the aircraft equipment has not been replaced or is [not] in a different condition," a point on which Ms. Nguyen took no discovery. *Id.* at 4.

The inspection Ms. Nguyen seeks is the type of discovery that might be expected to yield information that is relevant and proportional to the needs of the case, had it been performed in a timely manner. *See, e.g., Allen v. Purss*, No. 3:22-cv-00009-IM, 2022 WL 17733679 (D. Or. Dec. 16, 2022) (discussing request for preservation of vehicle involved in collision and subsequent failure to preserve evidence). However, it appears that the parties did not discuss the need for an inspection of the specific aircraft, or the need to preserve "configuration" information about the aircraft, during the 18 months this matter has been pending, *see, e.g.,* Dkt. No. 26 at 3 (discussing discovery plaintiff intended to seek), nor did Ms. Nguyen make a prompt request for this information under Rule 34. Her present request for an inspection after the exchange of expert reports and after so much time has elapsed is unlikely to yield useful information on which her expert could properly rely. *Cf. Britton v. Dallas Airmotive Inc.*, No. 07-cv-547-S-EJL, 2010 WL 797177, at *8-*9 (D. Idaho Mar. 4, 2010) (permitting late second inspection of helicopter wreckage upon good cause shown).

However, Ms. Nguyen is entitled to know all "facts or data considered by" defendants' expert. *See* Fed. R. Civ. P. 26(a)(2)(B)(ii). Thus, if in preparing the opinions disclosed in his

1  expert report defendants' expert relied solely on photographs of parts of an "Embraer 175
2  [obtained] from the internet," but did not inspect a physical aircraft, defendants need only disclose
3  the source of those photographs.  On the record presented, Ms. Nguyen's motion to compel an
4  inspection of the specific aircraft is denied.

5  **IT IS SO ORDERED.**

6  Dated: January 27, 2025

*[signature]*
Virginia K. DeMarchi
United States Magistrate Judge