UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAI NGUYEN,<br>   Plaintiff,<br> v.<br>UNITED AIRLINES, INC., et al.,<br>   Defendants. | Case No. 23-cv-03220-PCP (VKD)<br><br>**ORDER RE FEBRUARY 3, 2025 DISCOVERY DISPUTE**<br>Re: Dkt. No. 49 |

Plaintiff Mai Nguyen and defendant United Airlines, Inc. ("United") ask the Court to resolve their dispute regarding United's document production and its failure to produce a witness to testify on behalf of the company. Dkt. No. 49. The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

For the reasons explained below, the Court grants in part Ms. Nguyen's request for relief.

**I. BACKGROUND**

On August 18, 2021, Ms. Nguyen was injured when she was scalded with hot water during beverage service on a United flight from Houston, Texas to San Jose, California. Dkt. No. 49 at 1-2, 5. The flight was operated by defendant Mesa Airlines. *Id.* at 1, 5. Ms. Nguyen filed this action against United and Mesa on June 28, 2023. Dkt. No. 1.

According to United, on October 19, 2023, Ms. Nguyen served document requests seeking, among other things, documents regarding United's policies and procedures regarding beverage service, incident reports, medical emergency response, and first aid assistance. *Id.* at 5. On December 18, 2023, United objected to these requests on several grounds, including that United "did not operate the subject flight," "[its] employees were not present on the subject flight," and

"[i]t did not train or supervise Mesa's employees." *Id.* Apparently, United represented that it had no relevant and responsive documents, except for correspondence with Ms. Nguyen's son and a passenger list for the flight. *Id.*

On November 27, 2024, more than two months before the close of discovery,[1] Ms. Nguyen served a Rule 30(b)(6) notice for deposition on United, setting the date for the deposition on December 27, 2024.[2] *Id.* at 1, 6, Ex. A. The notice listed 14 topics for deposition. *Id.*, Ex. A at 10-11. On December 11, 2024, United responded to the notice by objecting to every topic, save one, and refusing to designate a representative to testify on its behalf. *Id.*, Ex. B at 37-45. For most of the objected-to topics, United provided the following further response (or some variation of it):

> United did not operate the subject flight, United's employees were not present on the subject flight, and United did not hire, train, or supervise Mesa's employees. United does not operate the type of the aircraft (Embraer 175) that was involved in the subject flight. Mesa is an independent airline that had the sole responsibility for, and control over, all aspects of Mesa's safe operation of its flights. United's policies and procedures are therefore irrelevant, and United will not produce a deponent on this topic as any testimony would be irrelevant.

*Id.*, Ex. B at 37-45. United agreed to provide testimony about topic 11 (compensation received by United from Mesa in connection with the subject flight), and eventually agreed to provide testimony about "United's investigation of passenger incidents on Mesa flights generally" as well as its "investigation into the subject incident." *Id.* at 6-7. Although discovery closed on February 3, 2025, the date the parties filed their dispute letter, United has not provided testimony on any of these topics.

Ms. Nguyen's Rule 30(b)(6) deposition notice also included another set of document requests. *Id.* at 6. According to United, the "majority" of the document requests in the notice were the same as those served in October 2023. *Id.* United objected to producing any documents,

---

[1] The deadline to complete fact and expert discovery was February 3, 2025. Dkt. No. 43.

[2] Apparently, Ms. Nguyen's counsel did not confer in advance with counsel for United before noticing this deposition, contrary to the requirements of Civil Local Rule 30-1.

1    except that in response to two new requests regarding its business relationship with Mesa, United
2    agreed to produce "relevant portions" of a Capacity Purchase Agreement ("CPA") between United
3    and Mesa. *Id.*
4       On January 10, 2025, United produced the CPA with numerous unexplained redactions.
5    *Id.* at 1, Ex. C; *see also* Dkt. No. 50-3. However, according to Ms. Nguyen, the redacted CPA
6    revealed that, contrary to its prior representations, United required Mesa to comply with United's
7    policies and procedures regarding several matters at issue in the case, including implementing
8    United's emergency response plan for aircraft accidents or incidents, and meeting United's
9    standard of care. *Id.* at 1.

## II. DISCUSSION

   Ms. Nguyen asks for an order directing United to produce an unredacted copy of the CPA, as well all documents responsive to all requests in her Rule 30(b)(6) deposition notice. *Id.* at 1. She also asks the Court to order United to provide testimony about all of the topics in her deposition notice. *Id.* United responds that the documents Ms. Nguyen seeks are irrelevant because it had no responsibility for anything having to do with the subject flight. *Id.* at 7. United also argues that Ms. Nguyen's request is "procedurally improper" because she delayed for eleven months before seeking relief after United objected to the original document requests served in October 2023. *Id.*

### A.     Document Requests

   Neither party addresses, with any specificity, the 41 document requests included in Ms. Nguyen's deposition notice. If Ms. Nguyen seeks an order compelling production of all documents responsive to each of these requests, she must at the very least, explain why the documents are relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). She has not done so with respect to all of these requests.

   Ms. Nguyen *does* specifically address one unique document and certain categories of documents that she contends are relevant to a claim or defense and proportional to the needs of the case. These are:

    1.   The CPA

United States District Court
Northern District of California

   2. United's policies and procedures relating to:

     a. Service of beverages

     b. Medical emergency responses

     c. Investigation of incidents onboard an aircraft

   3. Documents relating to United's investigation of the subject incident.

*Id.* at 4-5.[3] The Court finds Ms. Nguyen's arguments persuasive. United's representations regarding the nature of its role appear to be inconsistent with the portions of the CPA it has belatedly produced. While Ms. Nguyen has not been particularly diligent in pursuing discovery of United, her lack of diligence does not excuse United's failure to produce documents that it arguably should have produced a year ago in response to Ms. Nguyen's October 2023 document requests.

   With respect to the CPA, the parties include a puzzling discussion of United's "privilege log" for redactions United made to this document. United does not claim that any of its redactions protect material subject to the attorney-client privilege or the attorney work product doctrine, and so there is no need to prepare a privilege log for this document. Rather, United has redacted substantial portions of the CPA on grounds that the redacted text is "irrelevant." *Id.* at 8.

   As a general matter, a party may not redact or withhold from production irrelevant portions of a document that also contains relevant and responsive information. *See, e.g., Magana-Munoz v. W. Coast Berry Farms, LLC,* No. 20-cv-02087-EJD, 2022 WL 6584545, at *2 (N.D. Cal. Sept. 29, 2022); *Finjan, Inc. v. SonicWall, Inc.*, No. 17-cv-04467-BLF (VKD), 2020 WL 4192285, at *3 (N.D. Cal. July 21, 2020). United does not explain why the protective order in this case does not afford it sufficient protections for any confidential information in the CPA that it believes is not relevant to a claim or defense. Its redactions of sections III and IV of the CPA are therefore improper.

   For these reasons, the Court concludes that United must produce: (1) a copy of the CPA

---

[3] Ms. Nguyen does not identify any document requests corresponding to these items, but they appear to fall within the scope of at least Requests Nos. 1, 2, 3, 7, 11, 12, 13, 14, 15, 25, 26, 28, 29, 30, 31, 35, and 37. Dkt. No. 49, Ex. A at 6-9.

4

1  with sections III and IV unredacted; (2) United's policies and procedures relating to service of
2  beverages, medical emergency responses, and investigation of incidents onboard an aircraft; and
3  (3) documents relating to United's investigation of the subject incident.  This production must be
4  completed no later than **February 13, 2025**.

**B.  Rule 30(b)(6) Deposition of United**

As noted above, United has already agreed to provide testimony regarding topic 11 (compensation received by United from Mesa in connection with the subject flight), its investigation of passenger incidents on Mesa flights generally, and its investigation into the subject incident specifically.  For the reasons discussed above with respect to Ms. Nguyen's document requests, United must also prepare and produce a representative or representatives to testify regarding the CPA and United's policies and procedures relating to service of beverages, medical emergency responses, and investigation of incidents onboard an aircraft.

The Court understands that the parties have agreed United will provide a corporate representative to testify regarding at least some of the topics in Ms. Nguyen's Rule 30(b)(6) deposition notice on February 7, 2025.  *See* Dkt. No. 48 at 3.  That deposition shall proceed, as agreed, unless the parties agree otherwise.

If, after United completes its document production as ordered herein, Ms. Nguyen requires a further deposition of United on the topics for which the Court has ordered deposition testimony be provided, that further deposition must be conducted no later than **February 18, 2025**, unless the parties agree otherwise.  Any such further deposition shall be set on a date that permits Ms. Nguyen's counsel adequate time to prepare for the deposition after receiving United's document production.

**IT IS SO ORDERED.**

Dated: February 6, 2025

Virginia K. DeMarchi
United States Magistrate Judge